IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| | §   CASE NO. 6:16-CR-00017-JDK-JDL |
| vs. | § |
| | § |
| | § |
| JAMES TODD HARRINGTON, JR. (3) | § |

### REPORT AND RECOMMENDATION
### ON REVOCATION OF SUPERVISED RELEASE

On March 24, 2025, the Court held a final revocation hearing on a Petition for Warrant or Summons for Offender under Supervision. The Government was represented by Assistant United States Attorney Alan Jackson. Defendant was represented by Assistant Federal Defender Jonathan Hyatt.

*Background*

After pleading guilty to the offense of Possession with Intent to Distribute Less Than 50 Grams of Methamphetamine, a Class C felony, Defendant James Todd Harrington, Jr. was sentenced on April 5, 2017, by United States District Judge Ron Clark. The offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 21 and a criminal history category of VI, was 77 to 96 months. Pursuant to a binding plea agreement, the Court sentenced Defendant below the guideline range to an imprisonment term of 72 months, followed by a 3-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure and drug treatment and testing. The case was reassigned to United States District Judge Jeremy D. Kernodle on April 16, 2020. Defendant completed his term of imprisonment and started his term of supervised release on August 6, 2021.

*Allegations*

In the Petition seeking to revoke Defendant's supervised release, filed on May 13, 2024, United States Probation Officer Ben Sanders alleges that Defendant violated the following condition of supervised release:

1. **Allegation 1 (mandatory condition 3): The defendant must refrain from any unlawful use of a controlled substance. The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.** It is alleged that Defendant submitted urine specimens that tested positive for methamphetamine on August 25, August 30, September 1, and September 9, 2021.

2. **Allegation 2 (special condition): The defendant must reside in a residential reentry center or similar facility, in a community corrections component, for a period of 180 days to commence immediately. The defendant must abide by the rules and regulations of the center and not be required to pay subsistence according to the Bureau of Prisons' guidelines.** It is alleged that Defendant was unsuccessfully discharged from County Rehabilitation Center in Tyler, Texas on February 27, 2022 after it was discovered that he had consumed alcohol.

3. **Allegation 3 (mandatory condition 1): The defendant must not commit another federal, state, or local crime.** It is alleged that Defendant was arrested by the Department of Public Safety in Smith County, Texas, on March 20, 2024, for reportedly committing the offense of Possession of Controlled Substance Penalty Group 1 < 1 Gram, a State Jail Felony. It is also alleged that it was discovered several days later that Defendant had given officers a false name and false identification, which resulted in an additional charges for Fail to ID Fugitive Intent Give False Info, a Class A Misdemeanor, and Fraud: Use/Possess Identifying Info # Items < 5, a State Jail Felony.

*Applicable Law*

According to 18 U.S.C. § 3583(e)(3), the Court may revoke the term of supervised release and require a Defendant to serve in prison all or part of the term of supervised release without credit for the time previously served under supervision, if it finds by a preponderance of the evidence that Defendant violated a term of supervised release. Supervised release shall be revoked upon a finding of a Grade A or B supervised release violation. U.S.S.G. § 7B1.3(a)(1). In the

present case, Defendant's original offense of conviction was a Class C felony. Accordingly, the maximum imprisonment sentence that may be imposed is 2 years. 18 U.S.C. § 3583(e).

Under the Sentencing Guidelines, which are non-binding,[1] if the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by possessing methamphetamine or committing the offenses of Possession of Controlled Substance Penalty Group 1 < 1 Gram, or Fraud: Use/Possess Identifying Info # Items < 5, as alleged in the petition, he is guilty of a Grade B violation. U.S.S.G. § 7B1.1.(a). Defendant's original criminal history category was VI. The guidelines provide that Defendant's guideline imprisonment range for a Grade B violation is 21 to 27 months, capped by the statutory maximum of 2 years. If the Court finds by a preponderance of the evidence that Defendant violated his conditions of supervised release by submitting urine specimens that tested positive for methamphetamine, failing to follow the rules of the residential reentry center, or committing the offense of Fail to ID Fugitive Intent Give False Info, as alleged in the petition, he is guilty of a Grade C violation. U.S.S.G. § 7B1.1(a). With Defendant's original criminal history category of VI, the guidelines provide a guideline imprisonment range for a Grade C violation of 8 to 14 months. The grade of the violation having the most serious grade is used to determine the guideline range when there is more than one violation of the conditions of supervision, or the violation includes conduct that constitutes more than one offense. U.S.S.G. § 7B1.1(b).

---

[1] The United States Sentencing Guidelines as applied to revocations of supervised release "have always been non-binding, advisory guides to district courts in supervised release revocation proceedings." *United States v. Brown*, 122 Fed.Appx. 648, 2005 WL 518704, slip op. p.1 (citing *United States v. Davis*, 53 F.3d 638, 642 (5th Cir. 1995)); see also *United States v. Mathena*, 23 F.3d 87 (5th Cir. 1994) (policy statements contained in Chapter 7 of the Sentencing Guidelines applicable to sentencing a defendant upon revocation of supervised release are advisory only.).

*Hearing*

On March 24, 2025, Defendant appeared for a final revocation hearing. Assistant United States Attorney Alan Jackson announced that Defendant and the Government reached an agreement for Defendant to enter a plea of true to Allegation 2 of the petition and to jointly request a sentence of imprisonment for a term of 12 months and 1 day, which includes 82 days of unserved community confinement, with no further term of supervised release  After the Court explained to Defendant his right to a revocation hearing, he waived his right to a revocation hearing and entered a plea of "true" to Allegation 2 of the petition. Defendant requested a recommendation to the Bureau of Prisons to confine him at FCI Texarkana.

*Findings and Conclusions*

I find that Defendant is competent and that his plea and waiver of the revocation hearing was knowingly and voluntarily made. I accept Defendant's plea and find by a preponderance of the evidence that Allegation 2 of the petition is true. Defendant is guilty of a Grade C supervised release violation. I further find and conclude that Defendant's term of supervised release should be revoked and that he should be sentenced to imprisonment for a term of 12 months and 1 day, which includes 82 days of unserved community confinement, with no further term of supervised release. Any criminal history monetary penalties previously ordered in the final judgment should be imposed in this revocation, with all payments collected credited towards outstanding balances.

### **RECOMMENDATION**

In light of the foregoing, it is recommended that Defendant's plea of true to Allegation 2 of the petition be **ACCEPTED** and that Defendant's term of supervised release be **REVOKED**. It is further recommended that Defendant be sentenced to imprisonment for a term of 12 months and 1 day, which includes 82 days of unserved community confinement, with no further term of supervised release. Any criminal monetary penalties previously ordered in the final judgment

should be imposed in this revocation, with all payments collected credited towards outstanding balances. It is finally recommended that the Court request the Bureau of Prisons to designate Defendant at FCI Texarkana.

Before the conclusion of the hearing, the undersigned announced the foregoing recommendation and notified Defendant of his right to object to this Report and Recommendation and to be present and allocute before being sentenced by the Court. Defendant waived those rights and executed a written waiver in open court. The Government also waived its right to object to the Report and Recommendation. It is therefore recommended that the Court revoke Defendant's supervised release and enter a Judgment and Commitment for him to be sentenced to imprisonment for a term of 12 months and 1 day, which includes 82 days of community confinement, with no further term of supervised release.

So ORDERED and SIGNED this 24th day of March, 2025.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE